**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **C. DAVID SNYDER,** | : | Case No. 1:07 CV 3566 |
|  | : |  |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
|  | : |  |
| v. | : |  |
|  | : |  |
| **ALL-PAK, INC.,** | : | <u>ORDER</u> |
|  | : |  |
| **Defendant.** | : |  |

Before the Court are Defendant All-Pak, Incorporated's ("All-Pak") *Motion to Dismiss* (Doc. 3), *Motion for Sanctions* (Doc. 9) and *Motion for Hearing* (Doc. 14) and Plaintiff C. David Snyder's ("Snyder") *Motion to Remand* (Doc. 5). For the reasons explained below, Snyder's Motion to Remand (Doc. 5) is **GRANTED**. The remaining pending motions are returned to the Cuyahoga County Court of Common Pleas.

**I.    BACKGROUND.**

On October 26, 2007, Snyder filed a Complaint in the Cuyahoga County Court of Common Pleas, Case No. 639891, against Defendant All-Pak. On November 16, 2007, All-Pak timely removed this action to this Court. The controversy between Snyder and All-Pak, however, actually appears to have begun in 2003, when All-Pak originally brought suit against Snyder in the Cuyahoga County Court of Common Pleas over a $300,000 personal guarantee issued by Snyder. In that first action, after a 2005 bench trial, the Court of Common Pleas dismissed Snyder's counterclaims and ruled in favor of All-Pak

in the amount of $279,259.68. Snyder appealed, and in 2006, the Ohio Eighth District Court of Appeals affirmed the Trial Court's judgment in favor of All-Pak in the full amount.

Subsequently, Snyder filed a complaint against All-Pak reiterating several of the same arguments that he had asserted, some via counterclaim, and lost in the previous litigation. All-Pak removed the second matter to this Court. See Snyder v. All-Pak, 06-cv-1844. On August 2, 2006, citing *res judicata*, All-Pak then filed a Motion to Dismiss for failure to state a claim upon which relief could be granted or, in the alternative, for lack of personal jurisdiction. On August 29, 2006, All-Pak filed a Motion for Sanctions against Snyder and Michael Cheselka ("Cheselka"), counsel for Snyder. Snyder did not respond to, or oppose, either the Motion to Dismiss or Motion for Sanctions. On October 19, 2006, this Court issued an Opinion and Order, finding that the complaint was barred by res judicata and that sanctions were appropriate against both Snyder and Cheselka. Because Cheselka failed to pay the sanction within the time specified by the Court, he was ordered to show cause why he should not be held in contempt.[1] During the hearing, Cheselka promised the Court that he would "be a better lawyer."

Six months later, Cheselka, acting on behalf of Snyder, filed the Complaint in this case. In this case, Snyder alleges that All-Pak overstated the actual amount owed under the personal guarantee by just under seventy thousand dollars. In support, Snyder attached a copy of a check to his Complaint as Exhibit C. Although phrased differently, the Complaint in this case is no more than a refiling of the Amended Complaint in case 06-cv-1844. In the prior case, Snyder, through Cheselka, made the same allegations of overpayment, in the same amount, and attached the same cancelled check in support.

---

[1] During the contempt hearing, Cheselka delivered a check to counsel for All-Pak in the full amount of the sanction. That check, however, was drawn upon his IOLTA account. The Court explained that attempting to use client funds to pay a personal sanction was ethically repugnant, but Cheselka appeared bewildered by the suggestion. Cheselka agreed to draw a second check from his own funds.

2

Compare 06-cv-1844 Compl. ¶¶ 5, 22, 39 ("In the receivership court, All-Pak represented their debt to be $69,740.32 as evidenced by an invoice. Invoice is identified as #7979 and is attached as Exhibit D.," and "All-Pak, Petrini and counsel deliberately misled the courts with regard to the satisfaction of $69.740.32 in business debts in an effort to cheat Mr. Snyder on the basis of the . . .guarantee" and "By discharging a business debt of $69.740.32 . . . by cashing the receivership check in full accord and satisfaction of same, and continuing to represent to alternate courts that theirs is a true and accurate statement of account; All-Pak, Petrini and counsel deliberately conspire to cheat C. David Snyder.") with Compl. ¶¶ 5, 6 ("All-Pak overstated the amount that Snyder owed to All-Pak on his guaranty by Sixty Nine Thousand Seven Hundred Forty and 32/100 Dollars ($69,740.32) and was overpaid that amount by Snyder," and "All-Pak is liable to return to Snyder the amount that Snyder overpaid to All-Pak pursuant to Snyder's personal guaranty."). The Complaint in this case, therefore, like the one previously before the Court, is clearly barred by the doctrines of merger and res judicata. Given the amount of the demand, however, the critical question raised by Snyder is whether this Court has jurisdiction to address the issue. As discussed below, the Court finds that it does not.

## II.  SNYDER'S MOTION TO REMAND.

Generally, a civil case originally brought in a state court may be removed to federal court by a defendant if it could have been brought there originally. 28 U.S.C. § 1441(a). "A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest." Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868 (6th Cir. 2000) (citing 28 U.S.C. 1332(a)). "A defendant removing a case has the burden of proving the diversity jurisdiction requirements." Id. (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).

3

Here, though the requirements for diversity jurisdiction are not met in the original complaint, All-Pak contends that jurisdiction is appropriate. The issues presented by in the Motion to Remand are uncomplicated. While Snyder concedes that the parties are diverse, he contends that his complaint, which seeks only $69,740.32, fails to satisfy the amount in controversy requirement. In response, All-Pak argues that the Court's jurisdiction is proper because: (a) its counterclaim exceeds the amount in controversy requirement; and (b) the Court should retain jurisdiction because Snyder's state court complaint was artfully pleaded specifically to avoid the effect of this Court's prior judgment. As explained below, the Court finds All-Pak's arguments in support of jurisdiction to be without merit.

The Court is unmoved by All-Pak's suggestion that it should consider the value of its counterclaim. Upon review, the Court finds that the majority of jurisdictions generally preclude consideration of the value of a defendant's counterclaim when determining whether the plaintiff's original complaint satisfies the amount in controversy. See Sanford v. Gardenour, 225 F.3d 659 (Table) (6th Cir. 2000); Firestone Financial Corp. v. Syal, 327 F.Supp.2d 809, 811 (N.D. Ohio 2004); see also Wright & Miller, 14C Fed. Prac. & Proc. Juris. 3d 3725 (1998) (collecting scores of cases that reject consideration of the value of a counterclaim when establishing the amount in controversy). In the minority of instances where courts have considered a defendant's counterclaims for purposes of the amount in controversy requirement, those counterclaims generally appear to have been compulsory. See, e.g., Congaree Broadcasters, Inc. v. T M Programming, Inc., 436 F.Supp. 258 (D. S.C. 1977) (claim and counterclaim arose from a single contract); Lange v. Chicago, R.I. & P.R. Co., 99 F.Supp. 1 (D. Iowa 1951) (claim and counterclaim arose from a single collision). Here, however, All-Pak's counterclaim does not arise from the disputed personal guarantee, the receivership action, or even the previous action before the undersigned. Instead, All-Pak's counterclaim arises from Snyder's institution

of this suit for what All-Pak argues is an improper, abusive purpose. Thus, it is clear to the Court that All-Pak's counterclaim is not compulsory. For these reasons, the Court declines to permit All-Pak to aggregate the value of its counterclaim with plaintiff's claims to satisfy the amount in controversy.

With respect to the remaining issue, whether this Court may retain jurisdiction to enforce its previous judgment, Rivet v. Regions Bank of Louisiana, 522 U.S. 470 (1998), though unmentioned by either party in any brief, is directly on point. In Rivet, the Supreme Court stated: "claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b). Such a defense is properly made in the state proceedings, and the state courts' disposition of it is subject to this Court's ultimate review." 522 U.S. 470, 478 (1998); id. at 477 ("A case blocked by the claim preclusive effect of a prior federal judgment differs from the standard case governed by a completely preemptive federal statute in this critical respect: The prior federal judgment does not transform the plaintiff's state-law claims into federal claims but rather extinguishes them altogether." Thus "[u]nder the well-pleaded complaint rule, preclusion . . . remains a defensive plea involving no recasting of the plaintiff's complaint, and is therefore not a proper basis for removal.") (citations omitted). Though Rivet addressed whether the underlying removal was appropriate based on a federal question, the Court cannot find a basis upon which to depart from its reasoning here, where diversity analysis presented turns on the amount in controversy. Therefore, while the Court may be tempted to retain the case so that it can reiterate its prior conclusions and address the continuing impropriety of Mr. Cheselka's reassertion of claims long-ago resolved by the courts of this state, under Rivet, it may not do so.

5

**III. CONCLUSION.**

In sum, though the filing of the complaint in this action is disappointing and troubling to the Court, it cannot retain jurisdiction solely to enforce its own prior judgment. Though the filing of the complaint clearly implies a belief on the part of Cheselka or Snyder that the state court will neither enforce this Court's judgment, nor sanction them for their abuse of the judicial system, the undersigned has vastly more faith in its state court colleagues, and remands the case for a determination of those issues with confidence. For the foregoing reasons, Plaintiff C. David Snyder's ("Snyder") *Motion to Remand* (Doc. 5) is **GRANTED.** All-Pak's *Motion to Dismiss* (Doc. 3), *Motion for Sanctions* (Doc. 9), and *Motion for Hearing* (Doc. 14), *all of which are ripe and unopposed*, are returned to the state court.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: August 6, 2008**